UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL J. QUIGLEY,
5661 Aspen Drive
St. Anne, Illinois 60964

JOSEPH WARD,
20923 S. River Road.
Shorewood, Illinois 60404

PAUL T. GONTER,
29061 County Road 10
Fresno, Ohio 43824

PATRICIA KOHL,
410 Stratton Avenue SW
New Philadelphia, Ohio 44663

and

PAUL MUELLER,
9006 Broadway Terrace
Oakland, California 94611

Plaintiffs,

v. No. 07-

VINCENT J. GIBLIN,
1125 Seventeenth Street, NW
Washington, D.C. 20036

and

INTERNATIONAL UNION OF OPERATING ENGINEERS,
1125 Seventeenth Street, N.W.
Washington, D.C. 20036

Defendants.

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1. This is a union democracy case in which union members seek to enforce their statutory

right to communicate with their fellow members and with the public about union elections in which they are running for office or supporting the candidacy of others. The Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") guarantees the right of all members to speak both to each other and to the general public about union affairs generally and about elections in particular, both in and out of union hall, and also protects the members' right to sue their own union without the threat of discipline. The LMRDA was enacted to give union members an opportunity to hold their union officials accountable, both within the union and in the arena of public opinions, through the exercise of their right to criticize leaders forcefully and through free and fair elections in which members have the opportunity to communicate their views about the leadership. Like citizens in other walks of life, members of many unions have seized on the Internet as a vital tool for democracy. In an apparent effort to assert control over members' use of the Internet to campaign for better leadership, defendants have announced a new rule that forbids members from placing communications about union elections on the Internet unless the web sites are "password protected" so that only members of that union can view them. The union also maintains a provision in its constitution that provides for members to be fined if they sue their union without exhausting intra-union remedies. Because both rules violate members' rights under Title I of the LMRDA, the Union Members Bill of Rights, plaintiffs ask the Court to declare that they are unlawful and enjoin the union from enforcing them.

2. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 412.

**PARTIES**

3. Plaintiffs Michael Quigley and Joseph Ward are members of defendant International

Union of Operating Engineers ("IUOE") within the meaning of Section 3(o) of the LMRDA, 29 U.S.C. § 402(o) and are members of IUOE Local 150. Plaintiffs Patricia Kohl and Paul Gonter are members of defendant IUOE within the meaning of Section 3(o) of the LMRDA, 29 U.S.C. § 402(o) and are members of IUOE Local 18. Plaintiff Paul Mueller is a member of defendant IUOE within the meaning of Section 3(o) of the LMRDA, 29 U.S.C. § 402(o) and is a member of IUOE Local 39.

4. Defendant Vincent J. Giblin is the President of defendant IUOE, and as such is the IUOE's principal executive officer.

5. Defendant International Union of Operating Engineers is a labor organization within the meaning of section 3(i) of the LMRDA, 29 U.S.C. § 402(i), whose principal place of business is in Washington, D.C.

**COUNT ONE**

6. Defendant IUOE is an international labor organization with approximately 400,000 members throughout the United States and Canada. Its members belong to approximately 170 locals covering separate geographical and craft jurisdictions. Pursuant to section 401(b) of the LMRDA, 29 U.S.C. § 481(b), locals hold their elections for union office every three years, if not more frequently. The IUOE elects its officers at its quinquennial conventions. The next IUOE convention is in 2008.

7. Many IUOE locals cover geographical jurisdictions spanning entire states and more. For example, Local 150, to which plaintiffs Ward and Quigley belong, has about 20,000 members spread through the states of Illinois, Indiana and Iowa. Local 18, to which plaintiffs Kohl and Gonter belong, has about 15,000 members spread through Ohio and northern Kentucky. Local 39, to which plaintiff Mueller belongs, has nearly 20,000 members spread throughout northern California and

Nevada.

8. Although IUOE represents workers in many different jurisdictions, its core membership consists of stationary engineers, who operate, maintain, renovate and repair boiler systems and other mechanical systems within a variety of facilities such as power plants, industrial facilities, and hotels or other buildings, and construction engineers, who operate heavy equipment on pipelines, building projects, and highway construction projects among others.

9. Many members of the IUOE are employers.

10. There is often a limited number of IUOE members working on each of numerous individual projects or in numerous individual facilities spread over a broad geographical area.

11. It is common for employers based in one local's jurisdiction to undertake projects in a different local's jurisdiction, and to employ members from their home locals in far-away locals. Moreover, when work is scarce in one local's jurisdiction, it is common for members of one local to travel to another local's jurisdiction where work is more plentiful.

12. IUOE local unions operate exclusive hiring halls to refer their own members, and traveling members from other areas, to contractors who need workers for their individual projects.

13. Because of this dispersion of membership, members who want to communicate their views about union affairs to their fellow members, whether members of their own local unions or members of other local unions, cannot effectively do so on their own job sites. The union has a mailing list, but is not required to provide the list to members for their use. The use of the Internet is vital to enable effective communication among members.

14. Members often want to communicate with members in locals other than their own because, although many problems are centered in particular locals, members of different locals may

have similar problems, and they often share the view that effecting change at the International union would help solve their problems at the local level. Moreover, the often want to talk about problems with the International union. An effective campaign for change thus depends on the ability to communicate through the Internet with IUOE members across the country, and indeed with members of other unions facing similar problems.

15. Members may also wish to communicate with the media or the general public, both to bring to bear the pressure of public opinion on the elected leadership and to get their views reported in as many locations as possible where their fellow members may see them. Generally speaking, the more public attention is paid to a campaign to change the union's decisions in some way, the more credibility the campaign may have, even in the eyes of their fellow members.

16. Communicating publicly through web sites is equally significant for the purpose of influencing the outcome of local union elections.

17. During elections, candidates have a statutory right under Title IV of the LMRDA to have the union send mailings to the local union membership at the candidate's own expense, but in a local like Local 18, Local 39, or Local 150, with 15,000 or 20,000 members, mailings are very expensive.

18. Most local unions have web sites and newspapers that are controlled by the incumbent officers and communicate messages at the behest of the incumbents.

19. Moreover, local unions have appointed staff members who tend to support the re-election of the officer who appointed them, and can be discharged if they fail to do so. In a local the size of Locals 18, 39 or 150, for example, there will be dozens of staff members.

20. A web site supporting reform-minded candidates can be a key means of attempting to communicating messages contrary to views expressed by elected leaders and their patronage army,

and urging votes for opposing candidates.

21. Messages communicated to members of other locals are essential for the purpose of promoting candidacies to replace the elected leadership of the International at the union's quinquennial conventions.

22. Plaintiff Ward is a candidate for election for Business Manager, the principal elected office in IUOE Local 150; the election will be held this summer. Plaintiff Ward is running against incumbent Business Manager William E. Dugan, who is a member of the IUOE's General Executive Board in his capacity as Second Vice President of the IUOE. Plaintiff Ward and his slate have a campaign web site at http://www.150election.com. Plaintiff Quigley is one of the webmasters of that web site.

23. Plaintiff Kohl operates a web site at http://www.local18membersvoice.org, which expresses views about issues in the local union as well as the national union. Plaintiff Kohl intends to support candidates for election in the next regularly scheduled election in IUOE Local 18, scheduled to be held next year. She has used the web site to support candidates in the past, and plans to use her web site to support candidates in the next election. Plaintiff Gonter plans to run for office in that election, and plans to have a campaign web site. In addition, plaintiff Gonter hopes that www.local18membersvoice.org will contain statements supporting his candidacy, as it did in the last Local 18 election. Both plaintiffs Gonter and Kohl would like to be able to use their web sites to express support for candidates in locals other than their own, such as in Local 150 where an election is to be held later this spring.

24. Plaintiff Mueller has tried to run for office in Local 39 before, and intends to be a candidate again in the election scheduled to be held later this year. Insurgent candidates in his local

had a web site in the past, and he would like to create one in support of his own candidacy. He has never created a web site before and worries about having to comply with a union rule that makes having a web site more technically difficult and expensive.

25. For the reasons described above, all plaintiffs want to be able to use web sites to communicate with members of all IUOE locals as well as with the general public, and want to be able to read web sites created by candidates in other locals and by their supporters. Indeed, plaintiffs frequently read web sites by members in other locals and share information about what strategies have worked, so that they can learn from each others' mistakes and benefit from each others' victories. Plaintiffs want to preserve their right and their ability to view web sites created by IUOE members in other locals.

26. By letter dated February 12, 2007, defendant Giblin announced that the IUOE General Executive Board ("GEB") had adopted the following new rule:

> [S]tarting with Local Union elections to be held in 2007, Local Unions and their election committees shall require all candidates and their supporters who have set up or wish to set up campaign websites to include a password protection function; and . . . the International Union shall work with the Local Unions and their election committees to establish appropriate password protection mechanisms using members' register numbers or another appropriate mechanism to identify membership status.

27. Giblin claimed that the rule was adopted pursuant to the GEB's authority to ensure the fairness of union elections.

28. Giblin threatened that members who fail to bring their web sites into compliance with this rule by April 15, 2007, would face internal union discipline.

29. In response to questions about the union's plan for enforcing the rule, the union's general counsel explained that the IUOE intended that the union would disclose member register numbers

to the Internet Service Providers, on a confidential basis, so that those numbers could be entered into web site software as passwords. Then, members desiring to access campaign web sites could type in their own membership register numbers when they wanted to view a web site that was password protected pursuant to the rule.

30. In addition, IUOE counsel stated that Local 150 is willing to supply register numbers for members of that local to web site operators themselves, so that the web site operators could enter the numbers themselves.

31. IUOE counsel further indicated that the IUOE could supply membership numbers for the entire International, but only to a web site operator's ISP.

32. Section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2), guarantees the right of union members to speak both to other union members and to the general public.

33. The new web site restriction rule interferes with the right of plaintiffs and other union members to communicate to other members of the IUOE, to members of other unions, and to the general public.

34. The new web site restriction rule interferes with the right of plaintiffs and other union members to read the views of members who post their political messages on their web sites.

35. The only limitation on free speech that Section 101(a)(2) allows unions to adopt and enforce are those expressed in "reasonable rules as to the responsibility of every member toward the organization as a whole and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations."

36. The purported reason for the rule was that, in the past, "unscrupulous employers" had taken advantage of "sensitive" information gleaned from web sites "to harm Locals in collective

bargaining negotiations and organizing campaigns."

37. The new rule announced by defendant Giblin is a facially invalid bar against members' right to speak publicly on union election issues.

38. Even if the interest that the rule seeks to further is a legitimate one protected by the proviso to section 101(a)(2), the rule is not reasonably related to that interest.

39. The GEB's web site password protection rule is not a reasonable rule because it punishes protected speech without serving a defensible union purpose, and because its impact on protected speech far outweighs its service to any legitimate union interests.

40. The GEB's password protection rule is not a reasonable rule because the terms "campaign website" and "supporters" are vague and overbroad.

41. The GEB's web site password protection rule violates section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2).

42. The adoption, publication, and maintenance and threatened enforcement of the GEB's web site password protection rule is causing irreparable injury to plaintiffs and to all members of the IUOE.

## COUNT TWO

43. Article XVII, Section 4 of the IUOE Constitution requires members to exhaust their internal union remedies before filing any lawsuit or initiating any administrative proceedings, subject to a four month limit. The provision further states that a member who violates the exhaustion requirement "shall be subject to a fine equal to the full amount of the costs incurred in the defense of such action by the union."

44. Section 101(a)(4) of the LMRDA, 29 U.S.C. § 411(a)(4), forbids any union to "limit the

right of any member thereof to institute any action in any court, or in a proceeding before any administrative agency," but allows a court, in the exercise of its informed discretion, to require reasonable hearing procedures not to exceed four months. This provision forbids unions from punishing members for suing without first exhausting union remedies.

45. Several courts have invalidated union constitutional provisions identical or similar to Article XVII, Section 4. Defendants know or should know that Article XVII, Section 4 violates Section 101(a)(4) of the LMRDA, 29 U.S.C. § 411(a)(4).

46. Article XVII, Section 4 is void under section 101(b) of the LMRDA, 29 U.S.C. § 411(b).

## EXHAUSTION OF INTERNAL UNION REMEDIES

47. Appeals from decisions of the IUOE's General Executive Board may be taken only to the quinquennial General Convention, which is scheduled to be held in April 2008. Similarly, the IUOE Constitution may be amended only by the General Convention.

48. Exhaustion of internal union remedies should be excused by the Court because

(a) no appeal can be taken that could possibly be decided in less than one year;

(b) the actions of which plaintiffs complain violate members free speech rights and right to sue, and have a chilling effect on the exercise of those rights, hence exhaustion should be excused because irreparable injury would be caused while the appeals are being exhausted;

(c) plaintiffs seek relief from rules that flatly violate the law and thus should be deemed void, excusing exhaustion; and

(d) exhaustion would be futile in light of the union's insistence upon enforcing the rule, in response to the request by plaintiffs' counsel that the union recede from its web site password protection rule.

49. Pursuant to discussions between plaintiffs' counsel and the union's counsel, defendants have agreed to postpone the effective date of the rule from April 15, 2007, until July 1, 2007, so that the case may be litigated on cross-motions for summary judgment.

**WHEREFORE, PLAINTIFFS PRAY THE COURT TO:**

A. Grant a permanent injunction requiring defendants to revoke the web site password protection rule, and to direct its locals to refrain from enforcing that rule;

B. Grant a permanent injunction requiring defendant IUOE to rescind Article XVII, Section 4 of its constitution;

C. Enter judgment declaring that the web site password protection rule and Article XVII, Section 4 of the IUOE Constitution are void;

D. Compel the defendants to send notice of this Court's order to all persons who received the February 12 announcement letter from defendant Giblin, and to publish a prominent notice of the order invalidating Article XVII, Section 4 in the IUOE's quarterly newspaper, the *International Operating Engineer*, and on the home page of its web site;

E. Award plaintiffs their reasonable attorney fees and costs; and

F. Grant such other relief as may be just and proper.

Respectfully submitted,

Paul Alan Levy (DC Bar No. 946400)
Gregory Beck (DC Bar No. 494479)

Public Citizen Litigation Group
1600 - 20th Street, N.W.
Washington, D.C. 20009
(202) 588-1000

Attorneys for Plaintiffs

March 29, 2007

07cv 600 RBW

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Michael J. Quigley, Joseph Ward, Patricia Kohl, Paul T. Gonter and Paul Mueller

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Kankakee, Illinois 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Paul Alan Levy, Public Citizen Litigation Group, 1600 - 20th Street, NW, Washington, DC 20009
202-588-1000

**DEFENDANTS**

Vincent J. Giblin and International Union of Operating Engineers

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTO[RNEYS]
Rot[...]
Stre[...]

Case: 1:07-cv-00600
Assigned To : Walton, Reggie B.
Assign. Date : 03/29/2007
Description: Quigley v. Giblin, et al

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

**○ E. *General Civil (Other)*** **OR** **○ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

2

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⦿ K. *Labor/ERISA (non-employment)* | O L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☒ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding O 2 Removed from State Court O 3 Remanded from Appellate Court O 4 Reinstated or Reopened O 5 Transferred from another district (specify) O 6 Multi district Litigation O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation of free speech rights and right to sue under the Union Members' Bill of Rights, Title I of the LMRDA, 29 U.S.C. sec. 411

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** ________ Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** March 27, 2007 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

