UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
MICHAEL J. QUIGLEY, *et al.*,          )
                                       )
      Plaintiffs,                    )
                                       )
    v.                               )    Civ. A. No. 07-600 (RBW)
                                       )
INTERNATIONAL UNION OF                 )
OPERATING ENGINEERS, *et al.*,         )
                                       )
      Defendants.                    )
_____)

## ANSWER

Defendant International Union of Operating Engineers ("IUOE") and Vincent J. Giblin, by and through their undersigned counsel, answer the corresponding numbered allegations of Plaintiffs' Complaint as follows:

    1.    Defendants admit that the IUOE adopted a Campaign Website Resolution. The Campaign Website Resolution speaks for itself and is the best evidence of its terms. Defendants further admit that Article XVII, Section 4 of the IUOE Constitution contains an exhaustion provision, which speaks for itself and is the best evidence of its terms. The remainder of this paragraph consists of legal argument and characterizations of the nature of the complaint, as to which no response is required. To the extent any response is required, except as admitted above, the allegations in paragraph 1 are denied.

    2.    Admit.

    3.    Admit.

    4.    Defendants admit that Vincent J. Giblin is the General President of Defendant IUOE, and as such is the IUOE's principal executive officer.

5.    Admit.

6.    Defendants admit that IUOE is an international labor organization with approximately 396,000 members and with 138 local unions. Defendants further admit that local unions located in the United States hold their elections for union office at least every three years in accordance with Section 401(b) of the LMRDA, 29 U.S.C. § 481(b). Defendants further admit that IUOE elects its officers at its quinquennial convention, which is next scheduled for 2008.

7.    Defendants admit that plaintiffs Ward and Quigley are members of Local 150, which has approximately 22,000 members. Defendants further admit that Local 150 represents members in and around Chicago, Illinois, in counties in Northern Illinois, in Northwest Indiana, and in 7 counties in Southeastern Iowa. Defendants further admit that plaintiffs Kohl and Gonter are members of Local 18, which has approximately 15,000 members. Defendants further admit that Local 18 represents members in a few counties in northern Kentucky and throughout Ohio, with the exception of several counties near the Pennsylvania border. Defendants further admit that plaintiff Mueller is a member of Local 39, which has approximately 17,000 members. Defendants further admit that Local 39 represents members in northern California and in northern Nevada. Except as so admitted, the allegations of paragraphs 7 are denied.

8.    Admit.

9.    Paragraph 9 of the complaint contains a legal characterization as to which no response is required. To the extent any response is required, the allegation in paragraph 9 is denied.

10.   Denied.

11. Defendants admit that on occasion IUOE members do travel from one local jurisdiction to another to obtain work where the local union in the second jurisdiction has, in its sole discretion, provided its consent. Except as so admitted, the allegations of paragraph 11 are denied.

12. Defendants admit that some IUOE local unions operate exclusive hiring halls. Those hiring halls, among other things, refer their own members and traveling members, if there are any traveling members eligible, from other jurisdictions to contractors who need workers for their projects. Except as so admitted, the allegations of paragraph 12 are denied.

13. Defendants admit that the IUOE has a mailing list that it is not required to provide to members for their use. Except as so admitted, the allegations of paragraph 13 are denied.

14. Defendants admit that IUOE members contact the IUOE to discuss problems at the local level. Except as so admitted, the allegations of paragraph 14 are denied.

15. This paragraph contains generalizations, characterizations and speculations that are not susceptible to an answer. To the extent any response is required, the allegations in paragraph 15 are denied.

16. Denied.

17. Defendants admit that Title IV of the LMRDA provides candidates with a right to have the union send mailings to the local union membership at the candidates' own expense. Defendants further admit that Local 150 has approximately 22,000 members, that Local 39 has approximately 17,000 members, and that Local 18 has approximately 15,000 members. Except as so admitted, the allegations of paragraph 17 are denied.

18. Defendants admit that there are IUOE local unions with websites and/or newspapers. Except as so admitted, the allegations of paragraph 18 are denied.

19. Defendants admit that there are IUOE local unions with staff members. This paragraph contains an assertion of law as to which no response is required. Except as expressly admitted, the factual allegations of paragraph 19 are denied.

20. Denied.

21. Denied.

22. Defendants admit that plaintiff Ward, who was the long-term treasurer of Local 150 and was for a long period on the payroll of Local 150, is a candidate for the Local 150 Business Manager position, which is the principal elected officer for Local 150. Defendants further admit that the next election for the Local 150 Business Manager position will be held in August of 2007 and that plaintiff Ward's opponent for the Business Manager position is William E. Dugan, the incumbent Business Manager and a member of the IUOE's General Executive Board, serving as the IUOE's Second Vice President. Defendants further admit that there is a website at http://www.150election.com that supports plaintiff Ward and a slate of candidates that are running for Local 150 elected positions. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22 and therefore deny the remaining allegations of paragraph 22.

23. Defendants admit that there is a website at http://www.local18membersvoice.org. Defendants further admit that the website states that it is "maintained by Laborers for JUSTICE Jim McGough." The information on that website speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 and therefore deny the remaining allegations of paragraph 23.

24. Defendants admit that plaintiff Mueller has previously tried to run for a Local 39 elected position but did not obtain enough signatures to be nominated. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 24 and therefore deny the remaining allegations of paragraph 24.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 and therefore deny paragraph 25.

26. Defendants admit that Defendant Giblin sent a letter to all IUOE Local Union Business Managers on February 12, 2007 that announced that the IUOE General Executive Board had adopted the Campaign Website Resolution. Defendants further admit that the resolution in its full form speaks for itself and is the best evidence of its terms. Except as so admitted, the allegations of paragraph 26 are denied.

27. Defendants admit that the Campaign Website Resolution was adopted pursuant to the authority provided to the General Executive Board by Article XXIV, Subdivision 1, Section (e) of the IUOE Constitution. Except as so admitted, the allegations of paragraph 27 are denied.

28. Defendants admit that the February 12, 2007 letter from Defendant Giblin speaks for itself and is the best evidence of its terms. Except as so admitted, the allegations of paragraph 28 are denied.

29. Defendants admit that Richard Griffin, IUOE General Counsel, informed Paul Levy, counsel for the plaintiffs, that the IUOE is willing, subject to a confidentiality requirement, to provide directly to the hosting service for a campaign website a list of member register numbers so that those numbers could serve as passwords by which members access the information on the campaign websites. Except as so admitted, the allegations of paragraph 29 are denied.

30. Admit.

31. Denied.

32. Paragraph 32 asserts a legal argument, as to which no response is required. To the extent any response is required, the allegations in paragraph 32 are denied.

33. Denied.

34. Denied.

35. Paragraph 35 asserts a legal argument, as to which no response is required. To the extent any response is required, the allegations in paragraph 35 are denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Defendants admit that the text of Article XVII, Section 4 of the IUOE Constitution speaks for itself and is the best evidence of its terms. Except as so admitted, the allegations of paragraph 43 are denied.

44. Paragraph 44 asserts a legal argument, as to which no response is required. To the extent any response is required, the allegations in paragraph 44 are denied.

45. Paragraph 45 asserts a legal argument, as to which no response is required. To the extent any response is required, the allegations in paragraph 45 are denied.

46. Denied.

47. Defendants admit the first sentence of paragraph 47. Defendants further admit that the IUOE Constitution may be amended by the General Convention or by membership referendum. Except as so admitted, the allegations of paragraph 47 are denied.

48. The allegations in paragraph 48 contain legal argument, as to which no response is required. To the extent any response is required, the allegations in paragraph 48 are denied. Defendants further state that because the next IUOE convention is more than 12 months away, Article XVII, Section 4 of the IUOE Constitution, which only requires a member to exhaust any applicable claims for a period of four months, does not apply in the context of this matter.

49. Defendants admit that, on April 2, 2007, the IUOE General Executive Board modified the Campaign Website Resolution to make it effective July 1, 2007. Except as so admitted, the allegations of paragraph 49 are denied.

## Affirmative Defenses

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Plaintiffs lack standing to assert some or all of the claims in the complaint.

### Third Defense

Some or all of the Plaintiffs' claims are not ripe.

**Prayer for Relief**

Wherefore, Defendants respectfully request that judgment be entered in their favor and against the Plaintiffs, that the Complaint be dismissed, that the Plaintiffs take nothing, and that the Defendants be awarded their costs, and such other relief as the Court deems just and proper.

Respectfully submitted,

_____/s/_____
Robert Weinberg (DC 085530)
Leon Dayan (DC 444144)
Matthew Clash-Drexler (DC 477334)
Bredhoff & Kaiser, P.L.L.C.
805 15th Street, NW
Suite 1000
Washington, DC   20005
202-842-2600
202-842-1888 (fax)