UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL J. QUIGLEY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. A. No. 07-600 (RBW) |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT MOTION TO DEFER RULE 16 CONFERENCE IN LIGHT OF THE PARTIES' PENDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The parties, by and through undersigned counsel, submit this Joint Statement in advance of the Rule 16 conference set by the Court for June 21, 2007.

**I.     Background**

On March 29, 2007, five plaintiffs filed this lawsuit against the Defendant International Union of Operating Engineers ("IUOE") and its General President Vincent J. Giblin. The complaint has two counts. Count One of the complaint challenges the IUOE's Campaign Website Resolution, which requires that the campaign websites of candidates for local union office or their supporters must be password protected so that only members of the IUOE can have access. The plaintiffs allege that the Resolution violates Section 101(a)(2) of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 411(a)(2).

In Count Two of the complaint, the plaintiffs allege that a provision of the IUOE Constitution that provides that a members who fail to exhaust their internal union remedies for a period of four months before filing a lawsuit or initiating an administrative

proceeding "shall be subject to a fine equal to the full amount of the costs incurred in the defense of such action by the union" violates Section 101(a)(4) of the LMRDA, 29 U.S.C. § 411(a)(4).

## II.     The Parties' Rule 26 Conference

On various dates both before and after the lawsuit was filed, the parties met to discuss scheduling issues, including the issues set forth in the Court's Order for the Initial Scheduling Conference. The parties concluded that, because of the clear legal issues raised by the Plaintiffs' complaint, this case was not likely to be resolved either by settlement or through an alternative dispute mechanism. Instead, the parties agreed that the case could be resolved promptly through cross-motions for summary judgment.

Because the effective date of the Campaign Website Resolution is July 1, 2007, the parties agreed, at the time the lawsuit was filed, to dispense with initial disclosures and to establish a short discovery period that would allow for the prompt filing of cross-motions for summary judgment. Under the agreed-upon schedule, the briefing on the cross-motions for summary judgment would be completed so that the Court would have an opportunity to rule on the merits of the Plaintiffs' claims before the Resolution took effect.

The briefing schedule that the parties agreed to is the following: (i) Defendants were to file their motion for summary judgment on or about May 11, 2007; (ii) Plaintiffs were to file their opposition to Defendants' motion for summary judgment and their cross-motion for summary judgment on or about May 24, 2007; (iii) Defendants were to file their reply brief in support of their motion for summary judgment and opposition to Plaintiffs' cross-motion on or about June 8, 2007; and (iv) Plaintiffs were to file their

reply brief on or about June 15, 2007. The parties also agreed to a schedule for the limited discovery necessary for the cross-motions for summary judgment, and this discovery has been completed. Accordingly, under this schedule, the briefing on the parties' cross-motions for summary judgment was to be completed by June 15, 2007 and, therefore, ready for the Court's review. The parties have adhered to this schedule, and, as of June 15, 2007, the cross-motions for summary judgment were fully briefed.

**III.    The Parties Jointly Request that the Court Defer the Rule 16 Conference Until After the Court Has Resolved the Pending Motions for Summary Judgment**

In light of the fact that the parties have completed the discovery necessary for the filing of the cross-motions for summary judgment and the briefing on those cross-motions, the parties jointly request that the Court defer the Rule 16 conference scheduled for June 21, 2007 until after the Court has resolved the pending motions for summary judgment. If the Court determines that this case cannot be resolved by dispositive motions and must be proceed to trial, the parties jointly suggest that the Rule 16 conference, or such other conference as the Court may deem appropriate, be held at that time.

                                                    Respectfully submitted,

                                                            /s/
                                          Paul A. Levy (DC 946400)
                                          Gregory Beck (DC 494479)
                                          Public Citizen
                                          1600 20th St. NW
                                          Washington, DC. 20009
                                          202-588-1000

                                          Attorney for Plaintiffs

                                          Robert Weinberg (DC 085530)
                                          Leon Dayan (DC 444144)

                                    Matthew Clash-Drexler (DC 477334)
                                    Bredhoff & Kaiser, P.L.L.C.
                                    805 15th Street, NW
                                    Suite 1000
                                    Washington, DC   20005
                                    202-842-2600
                                    202-842-1888 (fax)

                                    Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
MICHAEL J. QUIGLEY, *et al.*,                )
                                                            )
        Plaintiffs,                              )
                                                            )
        v.                                              )        Civ. A. No. 07-600 (RBW)
                                                            )
INTERNATIONAL UNION OF              )
OPERATING ENGINEERS, *et al.*,          )
                                                            )
        Defendants.                             )
_____)

### ORDER

The matter came before the Court on the parties' Joint Motion to Defer Rule 16 Conference in Light of the Parties' Pending Cross-Motions for Summary Judgment.

For good cause shown,

It is **ORDERED** that the parties' joint motion is **GRANTED**, and the Rule 16 conference scheduled for June 21, 2007 is deferred until after the pending motions for summary judgment have been resolved. If the Court determines that this case cannot be resolved by dispositive motions and must be proceed to trial, the Rule 16 conference, or such other conference as the Court may deem appropriate, shall be held at that time.

Dated: _____

                                                                            _____
                                                                            UNITED STATES DISTRICT JUDGE